ALEXANDER *et al.*, administrators, etc., appellants, v. CHAMBERLIN.

*Evidence — reputation of marriage — declarations of deceased husband and wife.*

In proceedings before a surrogate, it was alleged that one of the parties, claiming as next of kin, derived title through an illegitimate child. *Held,* that the declarations of the alleged wife of the ancestor, both she and the ancestor being dead, were competent, upon the question of marriage, to prove that such ancestor and she were reputed to be husband and wife.

APPEAL from an order of a surrogate, adjudging that the person through whom the appellants claim a share in an estate was illegitimate. The facts appear sufficiently in the opinion.

*C. C. Torrance,* for appellants. Upon proof that there was no legal impediment to the marriage of parties; that they lived and cohabited for a time as husband and wife, the woman changing her name, and a child was born to her whom the man owned as his son, and who took the father's name, the law presumes a marriage contract. *Jackson* v. *Bogart,* 5 Cow. 237; *Starr* v. *Peck,* 1 Hill, 270; *Bernois* v. *Ferris,* 26 Barb. 177. The declarations of the woman, she being dead, were competent upon the question of her marriage. *People* v. *Fulton Fire Ins. Co.,* 25 Wend. 205; 1 Greenl. Ev., 176, 177.

*D. H. Bolles*, for respondents, cited *Schenck* v. *Dart*, 22 N. Y. 420; *Clapp* v. *Fullerton*, 34 id. 190; *Jackson* v. *Clark*, 18 Johns. *Clayton* v. *Wardell*, 4 N. Y. 230; 1 Greenl. Ev., §§ 131, 134.

MULLIN, P. J. This is an appeal from an order of the surrogate of Cattaraugus, adjudging that Simon Chamberlin, deceased, through whom his administrators and his son, Benjamin Chamberlin, claim a share of the estate of Benjamin Chamberlin, deceased, as a brother of said Benjamin of the half-blood, was not legitimate, and that his administrators and son were not entitled to any share of the estate of said Benjamin.

On the hearing before the surrogate, evidence was given tending to prove that Effie Porter, the mother of said Simon Chamberlin, was the lawful wife of the father of said Benjamin Chamberlin (the father's name being also Benjamin), and that Simon was the fruit of the marriage, and evidence was given tending to prove that she was not the wife of said father. The evidence on both sides consisted principally of the statements of deceased members of the Chamberlin family.

Among other evidence on the trial were the statements of the father of said Simon that he had not been married to his (Simon's) mother.

The counsel for Simon's administrators offered to prove the statements of Effie, the mother of said Simon, that she was married to Benjamin Chamberlain and that Simon was the fruit of that marriage. The evidence was objected to and rejected, and the counsel for the administrators duly excepted. The marriage or non-marriage of the parents of Simon were facts to be proved by reputation in the family to which the parties belonged, and is properly received from the family of the wife as well as that of the husband. *People* v. *Fulton Fire Ins. Co.*, 25 Wend. 205.

In *O'Gara* v. *Eisenlohr*, 38 N. Y. 296, 298, it was held by the court of appeals that the declarations of a former wife were admissible to prove her marriage to a man whom another woman claimed to be her husband in a contest before the surrogate as to the right of the woman last mentioned to letters of administration on his estate. The second marriage, if there was one, must have taken place during the life of the former wife.

It would be exceedingly unjust to permit a man to create evidence that would bastardize his child and disgrace and exclude the wife

and mother from asserting the legality of her marriage and the legitimacy of her child. The mere allegation of non-marriage by the husband ought not to exclude the statements of the wife. Such allegations are made in almost all cases in which the legitimacy of children is in question, and in all such cases the wife's statements must be excluded if the law is as is declared by the surrogate in this case. There is no practical difficulty in receiving the statements of the wife in such cases, leaving it to the jury or the court to give it weight in arriving at a conclusion, or rejecting it altogether, if upon the whole evidence she is shown not to be the wife of the man whose wife she claims to be.

It is a common practice to receive evidence contingently on a trial to be acted upon or rejected as certain other facts shall or shall not be found.

Two persons are sued as partners and makers of a note. One of them denies that he was a partner at the time the note was given. The plaintiff gives evidence tending to prove the partnership and the defendant to disprove it. The plaintiff offers evidence of the admission by the defendant during the partnership that the note was supported by a good consideration; such evidence would be admissible against the co-partner when a partnership was proved.

The court must receive the evidence and instruct the jury to disregard the admission if they shall find that the defendant making it was not a partner.

The evidence of the declarations of the mother of Simon may be decisive of the question of marriage and legitimacy and lead the surrogate to an entirely different conclusion from that at which he has arrived. At all events, her declarations are competent and must be received.

The decree of the surrogate is reversed and a rehearing ordered; appellant's costs of this appeal to abide the event. The costs of the executors of Benjamin Chamberlain to be paid out of the estate.

*Decree reversed.*